IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00578-GPG

JADE VIGIL, and
JERAME MESTAS,

    Plaintiffs,

v.

EXTRA SPACE STORAGE, and
EXTRA SPACE STORAGE, INC.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiffs, Jade Vigil and Jerame Mestas, reside in Lakewood, Colorado. Plaintiffs initiated this action by filing, *pro se*, a Complaint (ECF No. 1). The Plaintiffs have been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On April 12, 2017, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because it did not demonstrate a basis for this Court's subject matter jurisdiction. (ECF No. 7). Specifically, diversity jurisdiction under 28 U.S.C. § 1332 did not exist because all named parties were residents of the State of Colorado. (*Id.*). Further, no federal question was presented under 28 U.S.C. § 1331 because the only named Defendant, Extra Storage Space, is a private actor not subject to suit under 42 U.S.C. § 1983. (*Id.*). Consequently, the Plaintiffs were ordered to file an Amended Complaint within 30 days of the April 12 Order. (*Id.*). An Amended Complaint was filed on May 12, 2017, which named an additional Defendant—Extra Storage Space, Inc. (ECF No. 8).

On May 30, 2017, Magistrate Judge Gallagher reviewed the Amended Complaint and determined that it was deficient because Plaintiffs failed to allege facts to demonstrate the complete diversity of the parties for purposes of the Court's exercise of diversity jurisdiction under 28 U.S.C. § 1132.  (ECF No. 9).  In addition, Plaintiffs failed to state an arguable claim for relief under Colorado law for defamation, invasion of privacy, and intentional infliction of emotional distress (outrageous conduct).  (*Id.*).  Plaintiffs were directed to file a Second Amended Complaint within 30 days of the May 30 Order to cure the jurisdictional and pleading deficiencies.  (*Id.*).  Plaintiffs were warned that failure to comply with the May 30 Order would result in dismissal of this action without further notice.   Plaintiffs did not file a Second Amended Complaint as directed in the May 30 Order.

In a July 14, 2017 Order (ECF No. 9), Plaintiffs were given one final opportunity to file a Second Amended Complaint to demonstrate the Court's subject matter jurisdiction.   They filed a Second Amended Complaint on August 11, 2017.  (ECF No. 11).

The Court construes the Second Amended Complaint liberally because Plaintiffs are not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not act as an advocate for *pro se* litigants.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, this action will be dismissed for lack of subject matter jurisdiction.

**I.  Factual Allegations and Claims for Relief**

Plaintiffs allege that on March 6, 2014, they entered into a contract with Defendant Extra Storage Space to rent a storage unit.   However, the same storage unit

had been rented to another customer. Thereafter, an employee of Defendant released Plaintiffs' personal information (name, address, etc.) to the other customer without Plaintiff's consent, and in violation of the Plaintiff's contract with the Defendant. The customer then made false allegations to the police, which resulted in the Plaintiffs' wrongful arrest for felony burglary and felony menacing. Plaintiffs state that several local news teams broadcasted their arrest from their home. Plaintiffs were detained in jail for eight days before posting an $8,000 cash bond to secure their release. In the meantime, Plaintiffs' property was removed from their storage unit and thrown into a dumpster, where it was pilfered by members of the public. Following a three-day trial, Plaintiffs were acquitted of the charges. Plaintiffs assert state law claims of negligence, defamation, violation of right to privacy, and intentional infliction of emotional distress. The pleading can also be construed liberally to assert a breach of contract claim. Plaintiffs request monetary relief.

## II. Analysis

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Because federal courts are courts of limited jurisdiction, there is a presumption against its existence. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A federal district court may therefore raise the objection that it lacks jurisdiction on its

3

own initiative, at any stage of the litigation. See Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") see also *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988) (The issue of subject matter jurisdiction may be raised *sua sponte* by the court at any time during the course of the proceedings.). Dismissal for lack of jurisdiction is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. See *Castaneda v. INS,* 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." See *Basso,* 495 F.2d at 909; see also *McAlester v. United Air Lines, Inc.,* 851 F.2d 1249, 1252 (10th Cir. 1988) (issue of subject matter may be raised *sua sponte* by the court at any point in the proceedings). The dismissal is without prejudice. *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006).

Plaintiffs assert that the Court has subject matter jurisdiction over this action under the federal diversity jurisdiction statute, 28 U.S.C. § 1332. Diversity jurisdiction exists when there is complete diversity of citizenship between the Plaintiff and each Defendant. See *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 829 & n. 1

(1989); *Ravenswood Inv. Co, L.P. v. Avalon Correctional Services*, 651 F.3d 1219, 1233 (10th Cir. 2011). Allegations of diversity must be pleaded affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction

"[A} corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "'The general rule . . . is that a subsidiary corporation has its own principal place of business for purposes of diversity jurisdiction, unless it is merely an 'alter ego' or agent of the parent corporation.'" *Shell Rocky Mountain Production, LLC v. Ultra Resources, Inc.*, 415 F.3d 1158, 1163 (10th Cir. 2005) (quoting 13B Charles Alan Wright et al., Federal Practice and Procedure § 3625, at 635 (2d ed.1984). The citizenship of a subsidiary corporation may defeat diversity jurisdiction, even if a parent corporation is diverse from the plaintiffs. See *Khan v. Bank of New York Mellon*, No. 12-2161, 525 F. App'x 778, 780 (10th Cir. May 21, 2013) (unpublished) (citing *Glenny v. Am. Metal Climax, Inc.*, 494 F.2d 651, 652, 654 (10th Cir.1974)).

Plaintiffs allege in the Second Amended Complaint that Defendant Extra Space Storage conducts business in Colorado as a subsidiary of Defendant Extra Space Storage, Inc., which is incorporated in Utah. (ECF No. 11 at 3). Plaintiffs further allege that Defendant Extra Space Storage is no longer in business. (*Id.*). In addition, Plaintiffs state that "after the incident occurred in March of 2014, Extra Space Storage, Inc. located in Utah, refused to discuss the incident with the Plaintiffs, stating that "The matter was still under investigation per their company policy." (*Id.*).

5

The face of the Second Amended Complaint indicates that the citizenship of the Plaintiffs is the same as that of one of the Defendants. The allegations of the pleading are insufficient to demonstrate that Defendant Extra Space Storage is the alter ego or agent of Defendant Extra Space Storage, Inc. (the Utah corporation). Therefore, accepting the Plaintiffs' allegation that Defendant Extra Storage Space is a citizen of Colorado, there is not complete diversity of citizenship between the Plaintiffs and each Defendant for purposes of diversity jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant.").

The Second Amended Complaint and this action will be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiffs are free to file a new action in the state district court. The Court observes, however, that the applicable state statutes of limitation may have run on Plaintiff's state tort claims before this action was commenced, unless equitable tolling is warranted under Colorado law. *See* COLO.REV.STAT. (C.R.S.) § 13-80-102(1)(a) (setting a two-year limitations period for tort claims); § 13-80-103(1)(a), C.R.S. (setting a one-year limitation period for defamation claims). The breach of contract claim, which is subject to a three-year limitation period, s*ee* § 13-80-101(a)*,* C.R.S., may have expired during the pendency of this action, absent equitable tolling.

The Court noted in the July 14 Order that when the applicable statute of limitations has expired during the pendency of a case in federal court, a dismissal without prejudice may operate as a dismissal with prejudice. *See Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir.1992) ("Although the district court

dismissed Mr. Gocolay's claim without prejudice, New Mexico Federal concedes the dismissal was, for all practical purposes, a dismissal with prejudice because the statute of limitations had expired on all Mr. Gocolay's claims."). In such circumstances, the district court must consider certain criteria before dismissing the action. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992)). However, the cases in which the Tenth Circuit has recognized the need to consider the *Ehrenhaus* factors involved dismissals that were imposed as sanctions for the plaintiff's failure to comply with the Federal Rules of Civil Procedure or failure to prosecute. *See Gocolay*, 968 F.2d at 1021 (dismissal pursuant to Fed. R. Civ. P. 37(b)(2)(C) for failure to obey a discovery order); *Nasious*, 492 F.3d at 1161 (dismissal pursuant to Fed. R. Civ. P. 41(b)); *see also AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (dismissal for failure to prosecute). By contrast, the dismissal in this case is for lack of subject matter jurisdiction; therefore, no *Ehrenhaus* analysis is required. Accordingly, it is

ORDERED that the Second Amended Complaint and this action are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiffs file a notice of appeal they must also pay the full $505 appellate filing fee or file a motion to proceed *in forma*

*pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED September 8, 2017, at Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court